IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | CASE NO. 6:25-CR-00031-JDK |
| vs. § | |
| § | |
| § | |
| § | |
| KARA LYNN MITCHELL (1) § | |
| § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On November 5, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Importation of Methamphetamine, a Class A felony, Defendant Kara Lynn Mitchell was sentenced on October 26, 2021, by United States District Judge Jennifer G. Zipps, District of Arizona. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. The Court sentenced Defendant to imprisonment for a term of 30 months, followed by a 36-month term of supervised release subject to the mandatory and standard conditions of release, plus special conditions to include substance abuse treatment and testing, submit to substance abuse testing and not tamper with testing methods, submit to search, mental health treatment and medication, restrictions from alcohol use or possession, cooperate in DNA collection, and a mandatory 180-day residential reentry placement. The Court suspended the search requirement condition on September 1, 2022. On February 13,

1

2023, Defendant completed her term of imprisonment and started service of her term of supervised release.  Jurisdiction was transferred to this district and the case was reassigned to United States District Judge Jeremy D. Kernodle on March 31, 2025.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 28, 2025, United States Probation Officer Ashley McKinney alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 3): The defendant must not knowingly leave the federal judicial district where she is authorized to reside without first getting permission from the court or the probation officer.** It is alleged that Defendant admitted on February 3, 2025, to leaving the federal judicial district without permission from the probation officer by traveling to Dallas, Texas, as reported by her treatment provider on or around January 30, 2025.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The use or possession of marijuana, even with a physician's certification, is not permitted.  Unless suspended by the Court, the defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that on January 31, 2025, Defendant submitted to a random drug test, that was confirmed positive for methamphetamine via lab confirmation. Defendant later verbally admitted to using methamphetamine on or around January 29, 2025, and followed up with a signed admission statement.  Next, it is alleged that Defendant submitted to a random drug test on February 7, 2025, that was confirmed positive for methamphetamine via lab confirmation.  Defendant denied using methamphetamine and signed a denial statement on March 4, 2025.  Finally, it is alleged that Defendant submitted to a drug test on October 21, 2025 that tested positive for methamphetamine and marijuana.  Defendant admitted to the use of both marijuana and methamphetamine every other day from October 15, 2025 to October 21, 2025, via a written admission statement.  Lab confirmation for this specimen is pending.

3. **Allegation 3 (mandatory condition 2): The defendant must not unlawfully possess a controlled substance.  The use or possession of marijuana, even with a physician's certification, is not permitted.** It is alleged that Defendant possessed methamphetamine, a controlled substance, on or around the dates of January 29, 2025, February 7, 2025, and October 21, 2025, by way of submission of drug testing urine specimens confirmed positive for methamphetamine via lab confirmation and/or her own admission of personal use.  It is also alleged that Defendant possessed marijuana, a controlled substance, on or around October 21, 2025, by way of submission of a drug

testing urine specimen that tested positive for marijuana during initial drug screening and her own admission of personal use.  Lab confirmation for this test is pending.

4. **Allegation 4 (special condition): The defendant must submit to substance abuse testing.  You must not attempt to obstruct or tamper with the testing methods.  You must contribute to the cost of testing in an amount to be determined by the probation officer.**  It is alleged that Defendant failed to report for her scheduled drug tests on September 15, 2025 and October 17, 2025, as reported by the treatment provider.  It is also alleged that Defendant attempted to falsify a drug test on October 21, 2025 at the U.S. Probation Office by providing a urine specimen that was not her own from within a concealed container in your possession, for the purpose of drug testing.  Defendant admitted that she attempted to falsify her test in this way following her submission of the false specimen.

5. **Allegation 5 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant knowingly attempted to falsify a drug test at the U.S. Probation Office on October 21, 2025, by providing a urine specimen that was not her own, by her own admission, from within a concealed container in her possession for the purpose of drug testing, in violation of Texas Health and Safety Code § 481.133.

6. **Allegation 6 (special condition): The defendant must participate as instructed by the probation officer in a program of substance abuse treatment (outpatient and/or inpatient) which may include testing for substance abuse.  The defendant must contribute to the cost of treatment in an amount to be determined by the probation officer.  The defendant must participate in a mental health assessment and participate in mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider.  The defendant must take medicine as prescribed by a medical professional providing mental health treatment, unless she objects, in which event she must immediately notify the probation officer.  The defendant must contribute to the cost of treatment in an amount to be determined by the probation officer.**  It is alleged that Defendant failed to attend scheduled dual mental health/substance abuse treatment sessions on January 30, 2025 and February 11, 2025, and scheduled psychiatric appointments on three different occasions on June 6, 2025, October 3, 2025, and October 17, 2025, as reported by her treatment providers.

7. **Allegation 7 (standard condition 4): The defendant must answer truthfully the questions asked by her probation officer.**  It is alleged that Defendant was untruthful with the probation officer on October 21, 2025, by attempting to falsify a drug test and regarding her use of illegal substances.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 5 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by using and thereby possessing methamphetamine, as alleged in the petition, Defendant is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was III. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 8 to 14 months.  If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by using and possessing marijuana, leaving the district without permission, using methamphetamine, failing to report for drug testing, attempting to falsify a drug test, or failing to attend treatment sessions, as alleged in the petition, Defendant is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 5 to 11 months.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On November 5, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition, and to jointly request a sentence of imprisonment for a term of 12 months and 1 day, followed by a 2-year term of supervised release with a special condition for the first 180 days to be served in a halfway house. After the Court explained to Defendant her right to a revocation hearing, she waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FMC Carswell.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to imprisonment for a term of 12 months and 1 day, followed by a 2-year term of supervised release with a special condition for the first 180 days to be served in a halfway house. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day, followed by a 2-year term of supervised release with a special condition for the first

180 days to be served in a halfway house. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Carswell.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to imprisonment for a term of 12 months and 1 day, followed by a 2-year term of supervised release with a special condition for the first 180 days to be served in a halfway house.

So ORDERED and SIGNED this 5th day of November, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE